## Graft's Disbarment.

*William Clarke Mason*, for petitioner.

FERGUSON, P. J., March 19, 1930.—A petition was presented to the Court by the Committee of Censors of the Law Association of Philadelphia, setting forth that a number of complaints have been received by that Committee with reference to the conduct of Max Graft, a member of the Bar of this County. These complaints are to the effect that Graft had received from complainants substantial sums of money, which were to cover the costs and expenses incident to proceedings for divorce which were to be instituted by him. These parties stated that they had tried to find Graft without success and that he had not commenced or concluded the proceedings for which he had been retained. The Committee thereupon, in accordance with its practice, wrote to Graft advising him of the charges. These letters were returned undelivered. The Committee then conducted an investigation and learned that after obtaining deposits of money towards the expenses in various divorce proceedings and other matters, Graft had, on or about Oct. 1, 1928, closed his office at Room 218, No. 1535 Chestnut Street, Philadelphia, and taken therefrom his entire equipment and had left no forwarding address, and that the Committee, despite its efforts, had been unable to discover his whereabouts.

The Court thereupon granted a rule upon the said Graft to show cause why he should not be disciplined. Notice of the rule was directed to be given to him by mailing a copy thereof to his last known office address, another copy to his last known home address, a third copy to be posted in the office of the Prothonotary, and an insertion of the notice in a daily newspaper and The Legal Intelligencer. On the return-day of the rule, Graft failed to appear personally or by representative, and the Committee presented proofs of service in accordance with the order of the Court.

When a member of the Bar receives substantial amounts of money from a number of clients for services to be rendered on their behalf and fails to render the services contracted for and disappears for eighteen months, leaving no address, he is no longer entitled to the confidence of the Court and should

314

be denied the privileges of his office. An order of disbarment will be entered accordingly.

*Order.*

And now, to wit, this 19th day of March, A. D. 1930, it is ordered and decreed that Max Graft, a member of the Bar of this Court, be and he is hereby disbarred from further practicing as an attorney therein. Notice of this order to be given by the Prothonotary to the several Courts of Common Pleas and the Orphans' Court of this County.